UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION


FILED
JUL 21 2017
CLERK

| | |
|---|---|
| RICHARD VIRGIL LITSCHEWSKI,<br><br>Plaintiff,<br><br>vs.<br><br>DENNIS KAEMINGK, Secretary of Corrections; ROBERT DOOLEY, Warden; JENNIFER STANWICK-KLEMIK, Deputy Warden,<br><br>Defendants. | 4:16-CV-04140-RAL<br><br><br>ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION |

    Last year, Plaintiff Richard Virgil Litschewski filed a Complaint in this case, together with a request for a temporary restraining order and preliminary injunction. Doc. 1. On November 10, 2016, this Court entered an Order Dismissing Complaint in Part and Directing Service. Doc. 11. In that Order, among other things, this Court denied Litschewski's request for a temporary restraining order or preliminary injunction. Doc. 11 at 13–14. That Order screened the complaint, dismissed certain claims, allowed other claims to continue, and directed service. Doc. 11. The Court is awaiting responses presently to its Scheduling Request. Doc. 30.

    On July 20, 2017, Litschewski filed a Motion for Temporary Restraining Order, Doc. 34, and Memorandum of Law, Doc. 35, in support thereof. Litschewski seeks to have this Court grant a temporary restraining order (TRO) and preliminary injunction to enjoin the Mike Durfee State Prison from implementing a policy change set to occur on July 24, 2017, stating "all materials previously accessed in the law library are available on your tablets. The only exception is the SD Jurors instructions. Inmates who need access to the SD Jurors instructions can send a kite to the education department to request a time to review this material." Doc. 35-1. The policy also provides to inmates information on computer availability, how to request computer time, and printing. Doc. 35-1.

Litschewski characterizes this action as closing the law library and denying access to a law library to inmates. Litschewski's complaint does not frame this particular issue, but the Court will address the issue for purposes of this Order only. Otherwise, Litschewski to raise this issue will need to seek leave to amend his complaint.

Rule 65(b) of the Federal Rules of Civil Procedure governs issuance of TROs:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b). Rule 65 also addresses preliminary injunction issuance. "A preliminary injunction is an extraordinary remedy . . . ." Roudachevski v. All-American Care Centers, Inc., 648 F.3d 701, 705 (8th Cir. 2011); see also Hughbanks v. Dooley, 788 F. Supp. 2d 988, 992 (D.S.D. 2011) ("[In the prison setting, a request for a preliminary injunction 'must always be viewed with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration.'" (quoting Goff v. Harper, 60 F.3d 518, 520 (8th Cir. 1995))). "The burden of proving that a preliminary injunction should be issued rests entirely with the movant." Goff, 60 F.3d at 520. To determine whether the issuance of a preliminary injunction is appropriate, the Court considers the following factors:

> (1) the threat of irreparable harm to the movant;
> (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant;
> (3) the probability that movant will succeed on the merits; and
> (4) the public interest.

Dataphase Sys., Inc. v. C L Sys., Inc., 640 F.2d 109, 114 (8th Cir. 1981).

Litschewski did not certify in writing his efforts to notify Defendants of the TRO filing, although the filing of the Motion and Memorandum in the CM/ECF system would make those available to defense counsel. There appears not to be the necessary irreparable harm for a TRO, as the new policy makes the same law library materials available to Litschewski through his tablet, except for South Dakota pattern jury instructions, which are available upon request. See Doc. 35-1. Similarly, and preliminarily as the Court has limited information at this time, under

the Dataphase factors, there appears to be no threat of irreparable harm because the law library materials are available electronically to inmates, and indeed that should provide more ready access to inmates. With there being an absence of apparent irreparable harm to Litschewski, the balance-of-harms factor appears to weigh for Defendants who have a plan in place announced to inmates earlier in July regarding access to law materials by tablets and requests for computer time. This Court doubts that Litschewski would succeed on the merits because the policy may well give wider access to law materials by use of tablets, except for South Dakota pattern jury instructions which need to be requested. The public interest likely weighs in favor of Defendants because it is in the public interest to allow prisons to provide inmates access to legal resources in a cost-effective and efficient manner.

Therefore, it is

ORDERED that the Motion for Temporary Restraining Order and Order for Preliminary Injunction, Doc. 34, is denied.

DATED this 21st day of July, 2017.

BY THE COURT:

ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE